UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILEE MCGOVERN<br><br>                    Plaintiff,<br><br>       - against -<br><br><br>ADVANCE PUBLICATIONS, INC.<br><br>                    Defendant. | Docket No. 18-cv-2615<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Emilee McGovern ("McGovern" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Advance Publications, Inc. ("API" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of gun control activist David Hogg, who survived the 2018 high school mass shooting in Parkland, Florida. The photograph is owned and registered by McGovern, a photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. McGovern is a photographer having a usual place of business at 2025 SW 81 Way, Davie, Florida 33324.

6. Upon information and belief, API is a domestic business corporation duly organized and existing under the laws of New York with a principal place of business at 950 Fingerboard Road, Staten Island, New York, 10305.

7. At all times material hereto, Defendant has owned and operated a website at the URL: www.teenvogue.com (the "Website").

8. API is a for-profit entity.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

9. In February 2018, McGovern photographed gun control activist David Hogg, who survived the 2018 high school shooting in Parkland, Florida (the "Photographs"). True and correct copies of the Photograph is attached hereto as Exhibit A.

10. On or about February 17, 2018, McGovern then published the Photograph to social media.

11. McGovern is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

12. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-094-653, effective as of February 27, 2018 (the "Certificate").  A true and correct copy of the Certificate is attached hereto as Exhibit B.

**B.     Defendant's Infringing Activities**

13. Upon information and belief, on February 23, 2018, Defendant ran an article on the Website entitled *Parkland Survivors Use Twitter to Shut Down Conspiracy Theories That They're Paid "Crisis Actors"*.  See https://www.teenvogue.com/story/parkland-survivors-twitter-conspiracy-theories-crisis-actors (the "Article").

14. Defendant's Article prominently featured the Photograph.  Screenshots of the Article as it appears on the Website, as well as a print-out of the Article, are attached hereto as Exhibit C.

15. The Photograph is hosted on Defendant's web server, i.e., not embedded.

16. Commercial advertisements appear adjacent to, above or below the Photograph as it appears on Defendant's Website.

17. Defendant did not license the Photograph from Plaintiff for its Article.

18. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

19. Prior to displaying the Photograph on the Website, Defendant did not communicate with Plaintiff.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST API)**
(17 U.S.C. §§ 106, 501)

3

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

22. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

23. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

24. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

25. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

26. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

27. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

28. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant API be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant API be ordered to remove the Photograph from its Article on the Website;

3. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
May 2, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Emilee McGovern*